UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FERRARI FINANCIAL SERVICES, INC, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 25-cv-11733-ADB |
| RM BPO CONSULTING LLC and RAJU SHARMA, | * * * | |
| Defendants. | * * * | |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Plaintiff Ferrari Financial Services' ("FFS's") motion for default judgment, [ECF No. 23], Defendant Raju Sharma's motion to stay proceedings, [ECF No. 25], and FFS's motion to strike, [ECF No. 27].

FFS's motion to strike, [ECF No. 27], is **GRANTED**. Under Local Rule 83.5.5, pro se litigants must "provide the clerk and all parties a mailing address at which service . . . can be made" and pro se filings must include the party's mailing address, telephone number, and email address. L.R. 83.5.5. The judicial process depends on this information to facilitate the parties' participation in the action, as is particularly relevant here, where both defendants have refused to

appear in the action and thus been defaulted, see [ECF Nos. 7, 15].  Accordingly, the Court **STRIKES** Sharma's motion to stay, [ECF No. 25].[1]

As to FFS's motion for default judgment, FFS seeks a judgment consisting of a principal amount of $228,507.12, costs of $599.25, prejudgment interest pursuant to Mass. Gen. Laws ch. 231 § 6C, and postjudgment interest pursuant to Mass. Gen. Laws ch. 235 § 8.  [ECF No. 23 at 6].  For the reasons set forth below, the motion is **GRANTED IN PART**.

The following summary of facts is drawn from the Complaint, the well-pleaded allegations of which the Court accepts as true for purposes of this Memorandum and Order.  See Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) (holding that allegations of fact in the complaint must be taken as true after entry of a default); see also Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992))).

The entity defendant, RM BPO Consulting LLC ("RM BPO") is a limited liability company organized in Massachusetts, of which the individual defendant, Raju Sharma, is the sole member.  [ECF No. 1 ("Compl.") ¶ 3].  In April 2024, Sharma and RM BPO together bought a 2024 Ferrari Roma, financed by an agreement with Boch Exotics, which Boch then assigned to FFS.  [Id. ¶ 7].  Defendants made their required payments to FFS through February 10, 2025, [id. ¶¶ 8–12], then stopped, [id. ¶ 13].  FFS hired counsel, [id.], and sent a demand

---

[1] The Court further notes that the motion does not identify any legal or prudential reason why a separate pending criminal action against Sharma should delay FFS's recovery of damages in this case, so the motion, had it not been stricken, would have been denied.

letter to Defendants on April 15, 2025, declaring the contract in default and seeking payment of $218,758.97 plus $53.05 for every day after April 14, 2025.  [Id. ¶ 14].

FFS filed its complaint on June 13, 2025.  [Compl.].  When Defendants failed to answer or otherwise respond, FFS requested entry of default.  [ECF No. 6]; [ECF No. 14].  The Court entered default against Sharma on August 15, 2025, [ECF No. 7], and against RM BPO on October 2, 2025, [ECF No. 15].  FFS then moved for default judgment against both defendants on October 15, 2025.  [ECF No. 20].  The Court denied that motion for failure to establish that Sharma had been adequately served, [ECF No. 21].  FFS filed a renewed motion, supported by additional documents establishing service, on November 3, 2025.  [ECF No. 23].

On that motion, the Court finds as follows.  Defendants have failed to answer or otherwise defend in this action, and default has been entered against them.  By defaulting, they conceded the truth of the factual allegations against them.  FFS has submitted a sworn affidavit by its director of operations, Patrick Granger, who stated that the balance on Sharma's account as of October 14, 2025, was $228,507.12.  [ECF No. 24-3].  The defaulted defendants cannot contest that figure, so the Court will credit Granger's testimony.  FFS has further established costs of filing and service in the amount of $599.25.  See [ECF No. 24 at 10 (collecting sources)].

FFS also seeks an award of prejudgment and postjudgment interest at a rate of 12%, see [ECF No. 24 at 10].  Concerning prejudgment interest, the Court notes that the sum reported by Patrick Granger, [ECF No. 24-3], which is about $10,000 greater than the initial amount claimed against Sharma, see [Compl. ¶ 14], appears to already include interest.  FFS has not shown a legal basis for assessing additional prejudgment interest or explained how Granger calculated the amount stated in his affidavit, so the Court, pursuant to its obligation to accurately "determine

3

the amount of damages," Fed. R. Civ. P. 55(b)(2)(B), declines to assess an additional prejudgment interest charge.  The Court, as it must, will calculate postjudgment interest pursuant to 28 U.S.C. § 1961, rather than the rate proposed by FFS.  See In re Redondo Constr. Corp., 820 F.3d 460, 467–68 (1st Cir. 2016) ("Although prejudgment interest is usually governed by state law when the underlying claims are based on state law, postjudgment interest is governed exclusively by federal law under 28 U.S.C. § 1961." (citing Vázquez–Filippetti v. Cooperativa de Seguros Múltiples de P.R., 723 F.3d 24, 28 (1st Cir. 2013))).

For the foregoing reasons, FFS's motion for default judgment, [ECF No. 23], is **GRANTED IN PART**.  It is hereby **ORDERED** that FFS recover from RM BPO Consulting, LLC, and Raju Sharma, jointly and severally, the principal amount of $228,507.12, with costs in the amount of $599.25, for a total judgment of **$229,106.37**, subject to postjudgment interest as required by federal law.[2]

**SO ORDERED.**

January 28, 2026                                    /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE

---

[2] The postjudgment interest rate effective this date is 3.53%.  H.15 Selected Interest Rates, Fed. Rsrv. (Jan. 26, 2026, at 4:15 ET), https://www.federalreserve.gov/releases/h15/; see 28 U.S.C. § 1961.