# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FERRARI FINANCIAL SERVICES, INC. )
)
)
)
v. ) DOCKET NO.: 25-cv-11733-ADB
)
)
)
RM BPO CONSULTING LLC and )
RAJU SHARMA )

## OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The defendant, Raju Sharma, pursuant to Fed. R. Civ. P. 54, hereby respectfully opposes

Plaintiff's Motion for Attorney's Fees on the grounds that the fees requested are unnecessary,

excessive, and unreasonable. Specifically, Defendant opposes Plaintiff's Motion for Attorney's

Fees because the amount requested is excessive and does not meet the standard of reasonableness

required by law. While Plaintiff may be entitled to some attorney's fees as a prevailing party, the

fees sought far exceed what is reasonable under the circumstances of this case.

## ARGUMENT

### I. Legal Standard for Attorney's Fees

The court has discretion to award reasonable attorney's fees to a prevailing party. 42 USC §

1988. The key requirement is that any fee award must be reasonable, not simply whatever

amount the prevailing party requests. *Id.* The court must carefully scrutinize fee applications to

ensure that the fees awarded are proportionate to the work performed and the results achieved.

The court must provide an opportunity for adversary submissions on motions for attorney's

fees and must find the facts and state its conclusions of law regarding the fee award. Fed. R. Civ.

1

P. 54. This procedural requirement ensures that fee requests are subject to meaningful scrutiny and that opposing parties have a fair opportunity to challenge excessive requests.

## II. Plaintiff's Requested Fees Are Excessive

As noted by the plaintiffs in their motion, Mr. Sharma is unrepresented in this matter and "neither Defendant has entered an appearance, defended this action, or contested the factual allegations in FFS's Complaint. Nor did either Defendant substantively respond to FFS's Motion for Default Judgment." Nonetheless, plaintiff's counsel has managed to accrue close to $100,000 in legal fees despite no meaningful opposition from the defendants in this case in what is essentially a simple collections case.

Furthermore, although not disclosed in plaintiff's complaint, the United States Attorney's Office for the District of Massachusetts seized the vehicle in question in February 2025, prior to the instant litigation, as part of a criminal prosecution against Mr. Sharma. Representatives from the U.S. Attorney's Office forfeiture unit corresponded with plaintiff's law firm during the pendency of the case to try to negotiate interlocutory sale of the vehicle. Plaintiffs were therefore not only on notice that Mr. Sharma did not have physical possession of the vehicle or the ability to return the vehicle to the plaintiffs as they demanded, but also on notice that the party with possession of the vehicle was willing to negotiate sale of the vehicle so that plaintiffs could recover any money owed to them on the car loan.[1]

---

[1] In fact, the U.S. Attorney's Office seized a second Ferrari as part of the criminal prosecution against Mr. Sharma. The government sought and obtained an order permitting interlocutory sale of that vehicle which specifically provided that the lienholder on that vehicle, JP Morgan Chase, receive payment for any money owed to them following the sale. *See United States v. Raju Sharma*, 25-cr-10191-PBS, D.E. 54 and 60. FFS could have done the same without occurring any legal costs at all.

Therefore, Mr. Sharma objects to the plaintiff's request for attorney's fees because:

1. The hourly rates requested by Plaintiff's counsel exceed the prevailing market rates for attorneys of similar experience in this jurisdiction.

2. The number of hours claimed is unreasonable given the complexity and scope of the litigation.

3. Plaintiff seeks compensation for duplicative work, unnecessary tasks, or excessive time spent on routine matters.

4. The fees requested are disproportionate to the results achieved in this case.

5. Plaintiff has failed to adequately document the time spent or the necessity of the work performed.

## III. The Court Should Deny or Reduce the Fee Award

Given the excessive nature of Plaintiff's fee request, the Court should either deny the motion in its entirety or substantially reduce the amount awarded. A reasonable fee award in this case should reflect only those hours that were reasonably expended on necessary tasks, billed at reasonable hourly rates consistent with prevailing market rates in this jurisdiction.

The burden is on the fee applicant to establish the reasonableness of the requested fees through adequate documentation and justification. Plaintiff has failed to meet this burden.

WHEREFORE, Defendant respectfully requests that this Court:

1. Deny Plaintiff's Motion for Attorney's Fees in its entirety; or in the alternative,

2. Substantially reduce the amount of attorney's fees awarded to reflect only reasonable and necessary fees; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
RAJU SHARMA,

Raju Sharma
5 Saw Mill Pond Road
Sharon, MA 02067
(781)789-1123

Dated: February 23, 2026

## CERTIFICATE OF SERVICE

I, Raju Sharma, hereby certify a copy of this document has been sent by electronic mail to opposing counsel, Attorney Jacob C. Jones, Snell & Wilmer L.L.P., One East Washington Street, Suite 2700, Phoenix, AZ 85004 on February 23, 2026.