UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FERRARI FINANCIAL SERVICES, INC., Plaintiff, v. RM BPO CONSULTING LLC, and RAJU SHARMA, Defendants. | * * * * * * * * * * * * | Civil Action No. 25-cv-11733-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On January 29, 2026, the Court entered a default judgment against Defendants. [ECF No. 29]. Now before the Court is Plaintiff's motion for attorney fees and supplemental judgment, [ECF No. 30].[1] For the following reasons, the motion is **GRANTED IN PART**.

Plaintiff seeks attorney fees pursuant to the terms of the parties' contract, which provided, in relevant part, that if Plaintiff hired an attorney to recover money owed by Defendants following a breach of the contract, Defendants would "pay the attorney's reasonable fee," [ECF No. 1-1 at 4]. [ECF No. 30 at 2–3]. Defendant Sharma, who has been defaulted and has not moved to set aside that default, has filed a pro se pleading, which concedes that "Plaintiff may be entitled to some attorney's fees as a prevailing party" but opposes the motion on the

[1] Because Plaintiff's original filing contained redactions that made it impossible to determine what certain billing entries referred to, on June 2, 2026, the Court ordered Plaintiff to file an unredacted billing record, [ECF No. 37], which Plaintiff filed on June 16, 2026, [ECF No. 38-1].

grounds that the fees sought by Plaintiff are not reasonable. [ECF No. 33 at 1]. Defendant RM BPO Consulting LLC has not opposed the motion or otherwise appeared in the action.

Because Plaintiff seeks attorney fees pursuant to a contractual term, the Court must interpret that term in light of applicable state contract law, see In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 14–15 (1st Cir. 2012), which in this case is Massachusetts law, see [ECF No. 1-1 at 5 (specifying Massachusetts law as applicable to the agreement)]. "Under Massachusetts law, there appear to be two permissible approaches to determining attorneys' fees pursuant to a contractual agreement." In re Volkswagen, 692 F.3d at 21. The first is the lodestar approach, in which "attorneys' fees are 'calculated by multiplying the number of hours reasonably spent on the case times a reasonable hourly rate.'" Id. (quoting Fontaine v. Ebtec Corp., 613 N.E.2d 881, 890 (Mass. 1993)). The second is a multifactor analysis applying the factors "originally outlined in Cummings v. National Shawmut Bank of Boston, . . . 188 N.E. 489 (1934)." Id. The Cummings factors include both the hours reasonably spent and the standard price for such services. See 188 N.E. at 492. On the facts of this case, the Court would reach the same result regardless of which approach it employed. For simplicity, the analysis here will follow the lodestar approach.

The rate charged by each professional is consistent with billing rates deemed reasonable by other sessions of this Court, see [ECF No. 30 at 4 (collecting cases)], though as always, "the rates awarded in other cases [cannot] dictate the rate that this Court should adopt . . . [because the] complexity of other cases may have differed, the hourly rate may not have been contested and this Court is not sure what factual support other courts may have been provided to support the reasonableness of the rates charged," Riley v. Mass. Dep't of State Police, No. 15-cv-14137, 2019 WL 4973956, at *2 (D. Mass. Oct. 18, 2019). In light of the fees awarded by other

sessions of this Court, as well as the information provided by Plaintiff's counsel, see generally [ECF No. 30-1], the Court here is satisfied that the billing rates were reasonable.

Upon review of Plaintiff's counsel's billing records, however, the Court concludes that billing in certain categories was either excessive or too vaguely recorded.[2] The Court will reduce the amount of hours used to calculate the fee award, and the award itself, as follows:

| Billing category | Total billed hours | Reasonable billed hours | Total billed amount | Adjusted amount[3] |
|---|---|---|---|---|
| Insufficient descriptions | 34.7 | – | $ 19,390.00 | – |
| Requests for default/motions for default judgment[4] | 54.9 | 27.5 | $ 24,550.50 | $ 12,297.61 |
| Motion to seal | 6.3 | 1.0 | $ 2,803.50 | $ 445.00 |
| Motion for attorney fees | 12.2 | 6.1 | $ 5,760.20 | $ 2,880.10 |
| Opposition/motion to strike Sharma's motion to stay | 23.4 | 5.0 | $ 10,682.10 | $ 2,282.50 |
| Remaining attorney entries | 63.0 | 63.0 | $ 28,484.50 | $ 28,484.50 |
| Paraprofessional services | 5.6 | 5.6 | $ 1,260.00 | $ 1,260.00 |
| Nontaxable costs | – | – | $ 853.20 | $ 853.20 |
| **Total** | **200.1** | **108.2** | **$ 93,784.00** | **$ 48,502.91** |

[2] Many of counsel's billing entries refer simply to "work," "additional work," "further work," "continued work," or "further efforts" in relation to a general topic, without giving any indication of what that work was. See generally [ECF No. 38-1]. By contrast, other entries refer more specifically to conducting "legal analysis," "research," or "communications," or refer to work on particular issues or filings. Id.

[3] Because different attorneys billed at different rates, the amount awarded for each category is a prorated fraction of the total amount billed in that category corresponding to the percentage of hours billed that the Court concludes was reasonable.

[4] On October 16, 2025, the Court denied Plaintiff's first motion for default judgment and ordered Plaintiff to supplement its argument concerning service on Sharma. [ECF No. 21]. 44.0 of the 54.9 hours expended by counsel in this category were billed prior to that order.

For the above reasons, Plaintiff's motion for attorney fees and supplemental judgment, [ECF No. 30], is **GRANTED IN PART**. Plaintiff is awarded **$47,649.71** in fees and **$853.20** in costs, for a total of **$48,502.91**, to be paid jointly and severally by Defendants.

**SO ORDERED.**

August 17, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE